**Lee Charles FLANAGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43481.**

Court of Criminal Appeals of Texas.

March 10, 1971.

Rehearing Denied May 5, 1971.

Ronald R. Waldie, Dallas, (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. The punishment was assessed by the jury at fifteen years.

This is a companion case to Peoples v. State, Tex.Cr.App., 459 S.W.2d 868.

The record reflects that the appellant and Donnell Peoples robbed Wilmer Leon Conner, a manager of a service station in Irving. After taking some $190.00, they forced him into the restroom and severely beat him on the head with a pistol. The sufficiency of the evidence is not challenged.

■ Appellant contends that his confession should not have admitted into evidence, because it was the result of an illegal arrest and was involuntary.

A description of an automobile that was driven past the service station several times shortly before the robbery was given to the police. An automobile fitting the description was found abandoned. Lawrence Jones, the owner of the automobile, was located and he informed Officer Looper that the appellant and Peoples had borrowed the automobile but they returned without it and said that they had robbed a man in Irving. Ruby Howard, the mother of Jones, told Officer Looper that the appellant and Peoples were at an apartment and were about to leave town. Officer Looper testified that in his opinion he did not have time to obtain a warrant. The court did not err in holding that the officer had probable cause to arrest the appellant without a warrant. See Thornton v. State, Tex.Cr.App., 451 S.W.2d 898, and Drake v. State, Tex.Cr. App., 432 S.W.2d 906.

■ An extensive hearing on the admissibility of the confession outside the presence of the jury was held. A television reporter and others witnessed the confession. The State's evidence shows that appellant was warned of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and according to the provisions of Article 38.22, Vernon's Ann. C.C.P., and that he waived counsel. The court chose not to believe appellant's testimony when he testified (outside the presence of the jury) that he did not voluntarily make the confession. The evidence supports the findings of the trial judge that the appellant was properly warned by a magistrate and by the officer taking the confession and that counsel was waived and the confession was voluntarily given.

■ Next, appellant complains that the court erred in refusing to charge the jury on the voluntariness of the confession.

The appellant did not testify concerning the voluntariness of the confession in the presence of the jury. No witness was called by him, and no evidence before the jury raised the issue of voluntariness. The court did not err in refusing the charge. Yeagin v. State, Tex.Cr.App., 400 S.W.2d 914.

■ Lastly appellant complains in one ground of error of some four separate statements in the argument of the assistant district attorney.

These complained of arguments are found at four separate places in the record. Article 40.09, Section 9, V.A.C.C.P., provides in substance that the brief shall set forth separately each error which a defendant desires to complain of on appeal, and each ground shall refer to the ruling of the trial court or other proceeding in such a way as that the point of objection can clearly be identified and understood by the Court.

These arguments complained of are not set out separately and are not properly before us for review. Even if they were properly set out in the brief, no reversible error would be shown.

The judgment is affirmed.