**Allan FAUSETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43817.**

Court of Criminal Appeals of Texas.

June 16, 1971.

Allen Moore, Odessa, for appellant.

John Green, Dist. Atty., J. A. Bobo, Asst. Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of heroin. The punishment was assessed by the jury at ten years.

The record reflects that officers armed with a search warrant found 245 packages which contained a total of 8.302 grams of 60.4 per cent heroin in a chest of drawers in the bedroom of appellant's home.

The sufficiency of the evidence is not challenged. The appellant contends that the affidavit did not show probable cause for the issuance of the search warrant and therefore the court erred in admitting into evidence the heroin obtained as a result of the search.

■ A motion to suppress evidence was filed. The record does not contain evidence of a hearing on the motion to suppress. There is no showing that the motion was presented to the trial court. The search warrant or the affidavit for the warrant does not appear in the record. There is nothing presented for review.

■ During the trial on the merits, no objection was made when the heroin was introduced. There is no evidence in the record that would even tend to show an illegal search. No error has been shown.

■ In the second ground of error complaint is made of the argument of one of the prosecutors which is as follows:

"You, and you alone control this problem. We can make case after case after case but it is up to you to decide whether you want it in your community. The verdict you hand down is not the verdict that the Judge picks up here and folds up and puts in his desk drawer. Your verdict is know—all over."

Appellant's objection that this argument was appealing to community conscience was overruled.

In Urteago v. State, 169 Tex.Cr.R. 160, 333 S.W.2d 133, the prosecution was for the possession of marihuana. An argument to the effect that the jury verdict would show the attitude the citizens of the county would take toward marihuana was held not to be an improper appeal to convict the accused upon public opinion.

The argument complained of in the present case does not appeal to the community conscience or wish. No error has been shown.

Other arguments complained of are grouped together under one ground of error. Objection was made to one of the statements but not to others now presented for review.

Article 40.09, Section 9, Vernon's Ann. C.C.P., provides that the appellate brief shall set forth separately each ground of error of which the defendant desires to complain on appeal, and each ground shall refer to the ruling of the trial court or other proceeding in such a way as that point of objection can clearly be identified and understood by the court.

■ The arguments complained of are not set out separately and are not properly before us for review. Flanagan v. State, Tex.Cr.App., 465 S.W.2d 755.

No reversible error has been shown.

Next, the appellant complains of the following argument of the assistant district attorney:

"No, he didn't have sympathy. There is no telling how many people have been ruined by this poison, by this killer, by this maimer.

"If you let that man, I use that term loosely, if you let him walk the streets again you are turning him loose on society again. He is right back out here in Ector County and we have got the same problem all over again.

"If you want to have mercy and if you want to have sympathy, have sympathy

for those people out there now, who if the defendant gets out on the streets, he will try to destroy for his own gain. It is heartless, cold-blooded, blood sucking ——.''

Appellant's counsel objected as follows:

"Your Honor, I object to that language, it is inflamatory and outside the scope of this trial and I therefore make a motion for Mistrial."

The court stated, "Overruled."

The appellant admitted that the chest of drawers was his and in his bedroom and that he had exclusive control of the house. The proof showed not only the possession of 245 packages of heroin, but that he was present with his brother-in-law, two others and an undercover agent when a sale of narcotics took place. Also it was shown that known narcotic "people" or "suspects" were seen going to and leaving his home for approximately a month before the arrest. He admitted on cross-examination that these people visited his home.

The argument that "it is heartless, cold-blooded, blood sucking * * *" was *under the facts of this case* a reasonable statement based upon the evidence. No error has been shown.

Next, complaint is made that the State proved an extraneous offense of the sale of narcotics when the appellant was present. No objection was made when the evidence was offered. Absent an objection, the matter is not properly before us for review. Zapata v. State, Tex.Cr.App., 406 S.W.2d 473. See Madden v. State, 171 Tex.Cr.R. 80, 344 S.W.2d 690.

Lastly, complaint is made because of "The failure and/or the strategy of the State's attorney of not calling Special Agent Eddie Brown who was the main witness in the prosecution of the defendant was highly prejudicial to the defendant and denied him a fair and impartial trial."

The appellant states in his brief that "* * * Eddie Brown was the only witness who could state whether or not the defendant was aware of his brother-in-law, Henry Tijerina, was engaged in the *sell* of Heroin."

The appellant was either aware that his brother-in-law was selling heroin or he was not. No facts were withheld. No error is shown. See Means v. State, Tex. Cr.App., 429 S.W.2d 490.

No reversible error has been shown. The judgment is affirmed.