Benjamin Alex **HASSLER**, Jr., Appellant,

v.

**The STATE of Texas, Appellee.**

No. 44314.

Court of Criminal Appeals of Texas.

Dec. 7, 1971.

———◆———

Morehead, Sharp, Tisdel & Gibbins by Bob Gibbins, Plainview, Robert Montgomery, Memphis (trial only), for appellant.

Jack B. Boone, Dist. Atty., Memphis, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The punishment was assessed by the jury at 99 years.

The indictment alleged that the appellant killed Edith Beighle by choking her with his hands and with an electric cord.

The main contention concerns the admissibility of the confession because the warning did not appear on its face. The sufficiency of the evidence is not challenged.

Edith Beighle, a widow seventy years of age, was found dead in her bedroom September 7, 1969, in Skellytown. Her body was nude and an electric blanket cord was around her neck. The cause of death was by asphyxiation due to strangulation. Her forehead was cut and there was blood about the right eye. Her spleen was ruptured which could have been caused from a blow to the abdomen. From the evidence at the scene, it appeared that she had been raped.

The time of death was estimated by Dr. Falkenstein, the pathologist, to have been twelve or more hours before he examined the body at 4:00 o'clock the afternoon of September 7.

The deceased lived a block from the home of the appellant's mother where he was staying.

The appellant and three others had been drinking in Pampa and returned to Skellytown at approximately 12:30 a. m. His mother testified that he was outside for a short time thereafter and then he came inside and went to bed.

Some two days after the homicide the District Attorney of Carson County and two peace officers talked with the appellant in Pampa after he got off work. He was told that he was not under arrest. After denying that he committed the murder, he agreed to meet the officers and take a polygraph test September 12. He did not take the test but fled to California. He was arrested in Los Angeles and was taken to Perryton, Texas, December 5, 1969 where he was wanted on another charge.

Sheriff John Nunn of Carson County testified that after he received word that the appellant was in Perryton, he and Sheriff Rufe Jordan of Gray County went to talk to him. They took him before Judge Bond, a justice of the peace in Perryton, who read him a warning. The appellant stated he understood the warning and that he did not want an attorney. At approximately 2:45 or 2:55 p. m., Sheriff Nunn testified that he gave the appellant the Miranda warning and that he and Jordan began talking to the appellant. They took a break at 3:50. At that time the appellant had a soft drink and candy. At 4:00 they talked to him again. The appellant stated that he would prefer to write out the confession. He was given a yellow legal pad and a pen. At 4:05 the appellant began writing his confession. He finished, after another fifteen minute break, at approximately 5:30 or 5:35 p. m.

The confession consists of some six handwritten pages. It recites that some two days before the murder he had mowed the grass for his uncle who lived across the street from the home of the deceased. The night of the homicide he, with three others, went to Pampa where he drank liquor and took four red capsules. After he arrived home, he decided just to rob the deceased. He cut the screen and lifted the latch on the door. When he entered, she raised up in bed and asked who he was and what he was doing there. He then hit her on the forehead with his fist and knocked her down. She started back up and he pushed her down again, tore her gown and panties off. When he got up he asked her how much money she had. She replied three or four dollars. He dumped the contents of two purses on the floor and took about fifty-five dollars and then put his hand on her throat and asked why she had lied. After choking her with his hands, he took the cord from an electric blanket, pulled it tight around her neck and tied it.

The appellant testified outside the presence of the jury only on the issue of the voluntariness of the confession. He testified that he made the confession because of fear of the officers. After this hearing, the court made findings to the effect that the appellant was properly warned of his rights by the person to whom the statement was made, and that he waived such rights in accordance with Article 38.22, Vernon's Ann.C.C.P.

The appellant contends that since the warning does not appear on the face of the confession it was inadmissible. His attorney has filed an extensive and well written brief discussing the history of our confession statutes where it has been required that the warning must appear on the face of the confession.

The confession in the present case was given December 5, 1969. Article 38.22, supra, was amended effective August 28, 1967. It does not require that the warning must be on the face or a part of the confession to be admissible. In Moore v. State, 462 S.W.2d 574 (Tex.Cr.App.1971), this Court held that the warning did not have to be on the face or made a part of the written confession. The concurring opinion noted that it was the better practice to follow the former traditional procedure.

The statutory procedure was followed. We decline to add a requirement to the procedure required by the Legislature.

Next, the appellant complains that the evidence on the part of the State was insufficient to show that he was competent to stand trial.

A hearing was held after the trial on the merits began before another jury to determine if the appellant was competent to stand trial. Evidence was introduced by the defense and by the prosecution. The jury found him competent to stand trial.

It has been the consistent holding of this Court that it does not have jurisdiction to review the issue of insanity or competency to stand trial. Taylor v. State, 420

S.W.2d 601 (Tex.Cr.App.1967); Pena v. State, 167 S.W.2d 406, 320 S.W.2d 355 (1959). We do not have jurisdiction. We overrule appellant's contention.

The record contains no reversible error.

The judgment is affirmed.