**Willie Bill WILLIS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44914.**

Court of Criminal Appeals of Texas.

May 3, 1972.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for burglary with intent to commit theft. After a finding of guilt by the jury, the court assessed the punishment at twelve years.

The sufficiency of the evidence is not challenged. The sole complaint is that Willis was tricked into signing the statement that confessed the commission of the crime because he thought it was just a paper for his transfer from Grand Prairie Police Department to the Dallas County Jail.

The record reflects that on August 5, 1970, Barker's Trading Post in Grand Prairie was broken into and entered without the consent of the owner, L. A. Barker, Jr. A portable radio and a .22 caliber pistol and other items were stolen from the building.

When Willis was arrested the following day, he had Barker's pistol in his possession. He also had a pawn ticket for a pledged radio.

Willis' written confession was introduced into evidence. It recited, in part:

"Last night about 10:30 p. m. I went to this car lot or garage which is next door to where there is a lots of trailer houses. This is on Hiway #80 and is about 2½ blocks from where I live. I went to back of this place and there was an air conditioner in the window. I pushed the air conditioner out and went into the building and I broke into the candy and peanut machine and got some nickels and dimes and a portable radio and a twenty two pistol. I left the same way that I went in. I pawned the radio at Jefferson Pawn Shop this evening and I got nine dollars for it. I used the

name of James Ford. I still had the change in my pocket when I was arrested."

Before the confession was admitted, the court conducted a hearing outside the presence of the jury. At this hearing Donald D. Sherman, a detective of the Grand Prairie Police Department, testified that he and another arrested Willis and he fled. Willis was pursued, caught and taken before Justice of the Peace Ann King in Grand Prairie. At approximately 10:00 p. m. Judge King warned Willis of his right to remain silent, his right to retain a lawyer or have one appointed for him if he could not retain one of his choice. She also warned him of his right to have an attorney present during any interview with peace officers or attorneys representing the State. She also advised him that any statement he made could be used in evidence against him.

Sherman testified that Willis stated he understood what Judge King had said to him, and then said he did not want a lawyer. He also testified that at approximately 10:07 p. m. he warned the appellant of his rights. Without setting out these warnings in full, they appear to be substantially the same as those given by Judge King. He testified that Willis understood these warnings and indicated that he did not want a lawyer. Sherman testified that Willis signed the confession voluntarily and initialed the typographical errors.

Outside the presence of the jury Willis testified that he told the officers, "I understand what you have written here, but what's on here, I didn't do it." He also testified that he put his initials on the statement as directed by Officer Sherman.

Officer L. B. Wade testified substantially as Officer Sherman did on the issue of the voluntariness of the confession.

After hearing the evidence outside the presence of the jury, the trial court made findings of fact and conclusions of law in writing and presented them to counsel for Willis before proceeding with the trial. The court, in substance, found that Willis was warned of his rights. These show that the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and Article 38.22, Vernon's Ann.C.C. P., were met. The court made detailed findings that Willis knowingly and voluntarily waived these rights. The court then found the statement to have been freely and voluntarily made and was not the result of coercion, violence, threat of violence or trickery or misrepresentation.[1]

The jury was recalled and they heard practically the same evidence concerning the admissibility of the statement as the trial court did. When this 31-year-old appellant testified before the jury, he was impeached when he admitted that he had been convicted for three offenses of burglary in 1962, two offenses of burglary in 1959 and three offenses of burglary in 1956. He was released from confinement the last time in 1969.

The court instructed the jury not to consider the statement made by the appellant unless they believed it was made freely, without compulsion or persuasion and was wholly voluntary.

We hold that the court and jury had sufficient evidence to warrant the conclusion that the statement or confession was freely and voluntarily made.

No error is shown. The judgment is affirmed.

1. The trial court is to be commended for his thoroughness in following the procedure outlined by the Supreme Court of the United States and of this Court in determining the admissibility of the confession before any evidence concerning it was admitted before the jury.