**Willie Bill WILLIS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44915.**

Court of Criminal Appeals of Texas.

May 3, 1972.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of robbery by assault. After a finding of guilt by the jury, the trial court assessed the punishment at life. Another case against this appellant was tried at the same time and decided today, Willis v. State, 479 S.W.2d 301 (No. 44,914).

The record reflects that at approximately 7:00 p. m., August 6, 1970, the appellant while armed with a .22 caliber pistol robbed Jimmy Lynn Morgan, the manager of a Good Luck service station in Grand Prairie, of some eighty-five dollars.

The appellant, according to the testimony of Morgan, entered the station and used the telephone. He then ordered a can of brake fluid. After Morgan opened the cash register, the appellant pulled a gun out of his pocket and told him to act normal or he would blow his head off. The appellant then took the money and ran behind the station.

Douglas Maurice Montgomery who was at a drive-in for coffee saw a white 1961 or 1962 model Ford parked in an alley behind the station with the driver's door open, but he did not see anyone in it. Later an officer appeared and Montgomery told him about seeing the car which by then was gone.

At approximately 7:15 p. m., officers arrested the appellant in the car fitting the description given by Montgomery. They found the .22 caliber pistol that had been taken in the burglary of the building belonging to L. A. Barker for which the appellant was convicted in cause No. 44,-914, supra.

Appellant's confession was introduced. It recites, in part, as follows:

"Sometime after six o'clock this afternoon I stopped my car on a street close to the Good Luck Service Station and I got out of the car and walked up to the service station. I went into the service station and I asked a young kid if I could use the telephone. I just pretended I was using the phone. I then asked him if he had any brake fluid and he said yea. I said give me a can of it. I asked him how much and he said seventy-cents and I gave him a dollar and he opened the cash register to give me my change and then I pulled the gun from my right front pocket. I had the pistol in my right hand and I told the kid to move around to the bath room. I followed him around to the bath room and I walked back to where the cash register was that he had left open. I just got the green backs out and put it in my pocket and then I walked back to where I had my car parked.

When I got to the car, I put the money in my billfold. I then drove home by way of behind Moore's Paint and Body Shop and I threw my cap which is a black baseball cap down behind Moores Paint and Body Shop. I put the gun under the seat of the car. The car is my car I am buying it from Grady's Used Car Lot on Hiway #80."

Since the contention that the confession was obtained by trickery was answered adversely to the appellant in his cause No. 44,914, supra, a further discussion of this issue will not be repeated.

No error is shown. The judgment is affirmed.