Michael K. PITTMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 45886.

Court of Criminal Appeals of Texas.

Dec. 20, 1972.

James J. Crook, El Paso, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the possession of marihuana; the punishment, ten years imprisonment.

■ The appellant's first ground of error urging that the trial court erroneously overruled his motion for change of venue is without merit. The appellant's motion, filed after the jury was selected, was not in writing and was not supported by his own affidavit or the affidavits of two credible persons, residents of the county where the prosecution was instituted as required by Article 31.03, Vernon's Ann.C.C. P. The motion alleged that the majority of the members of the jury panel were acquainted with and friends of the district attorney and the arresting officers. These are not sufficient grounds for change of venue.

Appellant's second ground of error is that "The district court erred in denying defendant's request that the veniremen be allowed to clear the courtroom and the hall . . . in order to permit him to change from prison clothes to civilian clothes without being prejudiced in being seen in prison clothes."

The portion of the record relief upon by the appellant for this ground of error is not clear. It appears the jury panel reported to the courtroom prior to trial while the appellant was present. Just after the jury panel had been seated by the bailiff, the court excused them for a fifteen minute recess. The appellant's counsel then requested the court to give the jury time enough to "clear the hall." The reason for the request was not stated at that time. The court responded, "There isn't any place for jurys (sic) to go except to stand in the hall in this courthouse." The record then reflects that there was a "hushed conference" had at the bench between the court and counsel. Following the conference the appellant's counsel dictated the following into the record, ". . . prior to or immediately after the Jury Panel adjourned I made a request which I would like to designate a motion that ample time be allowed for the entire Jury Panel to clear the hall before the Defendant was taken out into the hall among them dressed in prison uniform. This request was denied. The Defendant at that time was taken out and hurried through the Jury Panel by the deputy in a prison uniform in their presence and in their view which . . . I feel is prejudicial and I object to the denying of that request."

■ The record does not reflect the type of clothing the appellant was wearing, other than the statement made by the defense counsel in his "objection." Apparently, the appellant changed to the clothing he desired and felt suitable. No reason is

given why he was not so dressed when he announced ready for trial. Whether the objection was timely made cannot be ascertained from the record. There is nothing in the record to show that any juror observed the manner in which the appellant was dressed. The appellant did not request that the jury panel be dismissed nor request any other relief. Error has not been shown. See and compare Ephraim v. State, 471 S.W.2d 798 (Tex.Cr.App.1971); Ellis v. State, 468 S.W.2d 406 (Tex.Cr. App.1971); Ex Parte Slaton, 484 S.W.2d 102 (Tex.Cr.App.1972); and Ex Parte Kelly, 484 S.W.2d 773 (Tex.Cr.App.1972).

Appellant's third ground of error is that "The district court erred in refusing to grant defendant's motion for mistrial after the prosecution made improper remarks in the presence of the veniremen regarding defendant's past criminal record and the fact that he would not be entitled to probation if found guilty."

During voir dire examination of the jury panel, a prospective juror asked the district attorney whether or not they could consider probation. The district attorney replied in the affirmative and the court informed the district attorney that no application for probation had been made in the case. Appellant's counsel then asked leave of the court to make application for probation. The district attorney said, "He is not entitled to it . . . he is not entitled to probation." After a conference at the bench the court stated:

"THE COURT: Let the Record show . . . a Juror asked about probation the Court instructed Mr. Harrison the District Attorney that no application had been made for probation as required by law. Thereafter Defense Counsel arose and asked leave to file such an application retroactive and then at the discussion at the Bench out of the presents (sic) of the Jury the District Attorney informed the Court and Counsel that the Defendant was not eligible for probation. The motion is overruled. And you have your exception. Now, can your Defendant swear that he is eligible for probation?

"(DEFENSE COUNSEL): No, sir.

"THE COURT: Very well. Let the Record further show that the Defendant cannot make an oath that he has never been convicted of a felony before in this or in any other state."

No error is shown.

The appellant's last two grounds of error urge that the evidence is insufficient because there was a "clear break" in the chain of custody of the marihuana introduced and the testimony of the arresting officer was "suspect and lacked credibility."

The record shows a completed chain of custody of the material introduced into evidence, which was identified as marihuana by a State Department of Public Safety chemist. Furthermore, the arresting officer, who by his training and experience was shown to be an expert in the identification of marihuana, testified he took from the appellant's shirt pocket what he identified as a marihuana "roach." Other marihuana and narcotic paraphernalia, which were taken from the automobile occupied by the appellant and others, were also introduced into evidence. The evidence is sufficient to sustain the jury's verdict. See Alcala v. State, 163 Tex.Cr. R. 453, 293 S.W.2d 645 (1956); Miller v. State, 168 Tex.Cr.R. 570, 330 S.W.2d 466 (1959); Satery v. State, 455 S.W.2d 294 (Tex.Cr.App.1970); and Jordan v. State, 486 S.W.2d 784 (Tex.Cr.App.1972).

Appellant's last two grounds of error are overruled.

The judgment is affirmed.

Opinion approved by the Court.