**Charles HOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45790.**

Court of Criminal Appeals of Texas.

Feb. 21, 1973.

Charles Fairweather, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Kerry Knorpp, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for murder. Punishment was assessed by the jury at sixty years.

Initially, appellant contends that the court erred in denying his motion in limine requesting that the State be instructed not to refer to the limit of punishment for the

offense of murder without malice as being five years.

■ Appellant's complaint is not directed to any statement made or question asked during trial, but is directed to the court's action in overruling his motion in limine. Appellant presents nothing for review when he relies solely on the action taken by the trial court in overruling his motion in limine. See Brazzell v. State, Tex.Cr.App., 481 S.W.2d 130, and Thomas v. State, Tex.Cr.App., 477 S.W.2d 881.

■ Further, it would appear that appellant's contention is directed toward questions asked and statements made by the State on voir dire examination. The voir dire examination was not transcribed and made a part of the record on appeal. "The entire voir dire examination must be brought before this court in order to enable us to ascertain whether error has been shown." Guerrero v. State, Tex.Cr.App., 487 S.W.2d 729. See Wood v. State, Tex. Cr.App., 486 S.W.2d 771; Longs v. State, Tex.Cr.App., 429 S.W.2d 157.

■ Appellant contends that the court erred in admitting statements of the appellant in the nature of confessions which failed to comply with Article 38.22, Vernon's Ann.C.C.P.

The complained of statement came during the testimony of Carol Lou Harris when she testified that appellant, while seated in a police car after the shooting, "yelled out, yes, I shot the M.F.—I shot him." The events leading up to this point were related by the witness Harris as follows: Mrs. Harris was standing in front of the Elks Club on North Third Street in Amarillo during the early morning hours of July 24, 1971, when she saw appellant "shooting"; that she then saw the deceased, Ramese Faleafine, run down an alley with appellant running after him, and that appellant continued to shoot while he was running after the deceased. Shortly thereafter, appellant returned with a gun in his hand. The testimony of Mrs. Harris

reflects the following occurred at this time:

"Q What happened next? What did you see next after that?

"A After that Ram's wife was crying . . . . and they started looking for Ram, searching down the alleys for a while, started looking for Ram. We decided to go check out the hospitals to see if he went to a hospital. So we came back in front of the Elk's Club and I noticed Charles was in the police car."

.    .    .    .    .    .

"Q All right, Carol, about how many minutes had elapsed since you left and came back and Charles had been in the back seat of the car?

"A It couldn't have been more than five minutes."

It was at this time that Mrs. Harris testified that appellant yelled the complained of statement to the crowd.

Appellant urges that he was under arrest at the time the statement was made, and that such statement does not fall within any of the exceptions to the rule prohibiting the use of confessions made while under arrest, as set forth in Article 38.22, V. A.C.C.P.

The State argues that the statement made by appellant falls within the exception set forth in Article 38.22, Section 1(f), V.A.C.C.P., providing that: "Nothing contained herein shall preclude the admissibility of any statement . . . . that is the res gestae of the arrest or of the offense."

In Graham v. State, Tex.Cr.App., 486 S. W.2d 92, it was stated:

"Generally, three requirements must be met before evidence can be admitted under the so-called 'true res gestae rule.' There must have been an exciting, emotionally stimulating or physically painful event, the admission or assertion must

have been made so soon after the occurrence that the declarant is still in the emotional grip of the shocking event, and the assertion must relate to the event before evidence can be admitted under this exception." (citations omitted)

Patently, an emotionally stimulating event occurred in the instant case, and the assertion in question relates thereto. Appellant urges that too much time had elapsed for the statement to be properly considered as res gestae.

While the testimony of Mrs. Harris is not clear with relation to the time which transpired between various events, she answered, "not more than five minutes" to the question, "How many minutes had elapsed since you left and came back and Charles had been in the back seat of the car?"

In Fisk v. State, Tex.Cr.App., 432 S.W. 2d 912, it was stated: "In determining the admissibility of spontaneous declarations the element of time is an important factor to take into consideration, but it is not the controlling factor. The paramount factor, upon which time has an important influence, 'is whether the person who made the statement or declaration was still dominated at the time by emotions instigated by the happening of principal act or event.' 24 Tex.Jur.2d, Evidence, Sec. 585, p. 113. See also 'Res Gestae Confession,' 17 Baylor Law Review 460." The Opinion in Fisk v. State, supra, quoted from Fowler v. State, Tex.Cr.App., 379 S.W.2d 345, where it was said: "The controlling factor being spontaneity or whether the statement made was instinctive. In other words, the statement or declaration must have been made under such circumstances as would reasonably show that it resulted from impulse rather than reason and reflection."

When appellant yelled to the crowd from the police car at the scene of the shooting, "Yes, I shot the M.F.—I shot him," such statement must have been instinctive and uttered as the result of an impulse. Clearly, its origin did not stem from reason and reflection. The statement having been made a short time after the shooting, it is logical to conclude that appellant was in the grip of stress and nervous excitement which gives rise to spontaneous statements.

We conclude that the statement attributed to appellant was properly admitted as a res gestae declaration.

The judgment is affirmed.

Opinion Approved by the Court.