Raymond R. DeLEON, Appellant,

v.

The STATE of Texas, Appellee.

No. 46376.

Court of Criminal Appeals of Texas.

Sept. 19, 1973.

Rehearing Denied Nov. 7, 1973.

F. B. Godinez, Jr., Lubbock, Richard R. Devon, San Antonio, for appellant.

William B. Mobley, Jr., Dist. Atty., Russ Henrichs, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of heroin. Punishment was assessed by the jury at 32 years.

On March 8, 1970, Corpus Christi officers, armed with a search warrant, went to the residence of appellant and his parents to search for narcotics. The officers discovered several containers of heroin on the premises, and the appellant, three of his brothers, and later his father were placed under arrest. Later on the same day, appellant gave a written statement in which he admitted possession and ownership of the contraband.

Appellant's first contention is that the statement, which was reduced to writing and signed by him, was illegally obtained in violation of the Fifth and Fourteenth Amendments and therefore inadmissible as evidence.

A Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, type hearing was held prior to trial. See Article 38.22, Vernon's Ann.C.C.P. The trial court entered findings of law and fact that the confession was voluntary and the order appears in the record before us.

During the trial, the appellant renewed his objection to the statement and introduced evidence before the jury concerning the voluntariness of the confession. The court instructed the jury that the confession could not be considered by them unless they found it had been freely given, without compulsion or persuasion, and only after the mandatory warnings were understood by appellant.

Officers Bell and Freeman testified that when they arrived at appellant's residence to conduct the search appellant's mother told them he was not there, and while other officers commenced the search Bell and Freeman drove to a local tavern appellant was known to frequent. They found him outside the tavern, informed him of the warrant and the search then in progress, and they asked if he wanted to go with them. Appellant responded, "Let's go," and they returned with him in the police vehicle to the residence.

Several officers testified that while the search continued appellant remained in the living room with other members of his family. Shortly after appellant returned, Sergeant Perez discovered a package buried under a storage shed behind the house, and he carried the aluminum foil package, still wrapped, into the living room. When appellant saw Perez with the package, appellant stated, "You got me; that's mine; let's go." The package was opened and found to contain heroin.

Officers Bell and Perez testified that they drove appellant to the home of Municipal Judge O. E. Cannon, and there appellant was given the Miranda warning.[1] Both Perez and Bell testified they had previously spoken in English to appellant on many occasions and that he could understand English reasonably well. They testified that Judge Cannon gave the warning in English, and Perez said that during the drive back to the police department, at appellant's request, he explained the warning in Spanish. Judge Cannon testified that he remembered the occasion "very vaguely," that he always takes care to be sure an accused understands the warning, and that

1. The record does not indicate that appellant received any warnings prior to this time.

he remembered no difficulty in making this determination in the instant case. He testified that it is his signature on State's Exhibit No. 2, the form he read to appellant.

Perez testified that he conversed with appellant in both Spanish and English about the heroin. He had appellant's statement reduced to writing, read the warning and the statement to appellant, and then appellant signed the statement about thirty minutes after leaving Judge Cannon's house. Perez testified appellant never asked to have the statement read to him in Spanish and never asked for an attorney. He denied making any threats to obtain the statement, and he said at no time did appellant's lawyer ask to speak to appellant until after the statement was signed.

Other police officers testified that they had numerous conversations in English with appellant, and that in their opinion he could understand English. The State introduced into evidence a handwriting sample given by appellant six years earlier in which he had copied names and sentences in English.

Captain Freeman and other officers testified they saw Attorney Tony Canales in the police department on the day of appellant's arrest. All denied having spoken to Canales or refused to allow him to see appellant.

Appellant testified that he made no oral confession at his house, that he did not possess the heroin or know to whom it belonged. He stated the only reason he signed the paper was because of police threats to arrest his sick mother and to further charge his father and brothers whom he knew had been taken to jail with him.

He testified that he could not speak English, could read no English, and that he did not know what was in the warning form or the statement that he signed. He denied that Perez had explained the warning in Spanish and said he asked Perez to read it in Spanish, but the officer refused and laughed at him. Two of appellant's former employers testified that he could not read English.

Appellant stated that he asked for a lawyer nine or ten times, and that while he was being booked into jail he talked to Tony Canales and asked Canales to represent him to which Canales agreed; however, the police later refused to permit him to talk to the lawyer until after he signed the statement.

Tony Canales, who had not previously represented appellant, testified that he spoke to appellant at the booking desk on March 8, 1970, and agreed to represent appellant. Canales then drove to his office to call another lawyer requested by appellant, and when he returned to the jail a few minutes later the police refused to permit him to see appellant by saying they did not know where he was.

Appellant contends that Figueroa v. State, Tex.Cr.App., 473 S.W.2d 202, is in point and requires reversal of his conviction. In Figueroa, this Court said the trial judge erred in not conducting a separate hearing and announcing his findings on the voluntariness of the defendant's written confession. The instant case differs from Figueroa because here the court did conduct a hearing prior to trial and did with specificity announce its findings on the voluntariness issue. Evidence regarding the voluntariness of the confession was presented to the jury, and the jury was instructed in accordance with Article 38.-22(a), Sec. 2, V.A.C.C.P., that they must believe beyond a reasonable doubt that the statement was voluntarily made in order to consider the statement as evidence.

■ We find the court and jury had sufficient evidence to support the conclusion that the confession was voluntarily given. Bizzarri v. State, Tex.Cr.App., 492 S.W.2d 944; Willis v. State, Tex.Cr.App., 479 S.W.2d 301.

■ The findings of the trial court that appellant waived his right to counsel are

also supported by the evidence. The warning administered by Judge Cannon informed appellant that he had a right to counsel and to have the attorney present before and during any questioning by peace officers. The statement taken by Sergeant Perez also advised appellant of his right to counsel before and during any questioning; it further states appellant consented to questioning without a lawyer's presence. In light of the evidence of appellant's knowledge of his right to counsel, the testimony of Judge Cannon and the four police officers that appellant did not seek counsel, the court's finding that appellant was not denied access to counsel during questioning following his arrest is supported by the evidence. See Hill v. State, Tex.Cr.App., 429 S.W.2d 481.

■ We reject appellant's contention that the court erred in admitting appellant's confession for the reason that the confession was not in the actual words of the appellant. So long as a confession is voluntarily made, it is admissible, though on reducing it to writing the identical words of the accused are not used. Garcia v. State, 162 Tex.Cr.R. 594, 288 S.W.2d 513.

■ Appellant contends the confession was inadmissible for the reason that the warning was given appellant by a person other than the one whose name appears on the written confession. The confession reflects that the warning was given appellant by a Judge Bunning and A. P. (Officer) Perez. The evidence, however, reflects that Judge Cannon and Officer Perez warned appellant of his rights. No authority is cited in support of appellant's contention. Article 38.22, V.A.C.C.P., as amended (effective August 28, 1967), does not require that the warning be on the face of the confession to be admissible. Hassler v. State, Tex.Cr.App., 473 S.W.2d 513. In addition to the testimony of the officers and Judge Cannon relative to Judge Cannon giving appellant the warning, a certificate of Judge Cannon bearing the same

date of the confession reflects that appellant was warned of his rights on the date in question by Judge Cannon. The record reflects that appellant was adequately warned of his constitutional rights prior to giving his written confession. We perceive no error.

■ Appellant contends the court erred in not granting his motion to have a portion of the confession deleted before it was read to the jury. Appellant's complaint is directed to that portion of the statement which reads, "I realize that it is a violation of the law to sell heroin, but the heroin that was found at my house belongs to me, and my family has nothing to do with it." Appellant argues that the reference to sale of heroin prejudiced the jury in thinking that appellant was selling heroin. That the sale of heroin is a violation of the law is a matter of common knowledge. Appellant's statement only admits the possession of the contraband. No extraneous offense is shown. We find no reversible error.

■ Appellant contends that appellant was not given the proper Miranda warning in that Officer Perez added to the warning by advising appellant that he had the right to make bond. No authority is cited by appellant. Officer Perez testified that he read the Miranda warning from a printed card. The fact that the officer may have further advised appellant that he had the right to make bond does not render the warning ineffective. No error is shown.

■ Appellant contends that the oral statement, "That stuff is mine. You have got me," was inadmissible because he had not been warned in accordance with the requirements of Miranda v. Arizona, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 and Article 38.22, V.A.C.C.P., prior to the time such statement was alleged to have been made.

The testimony of Officers Bell and Freeman reflects that they arrived at the residence with appellant in about five min-

utes after finding appellant at the tavern. Officer Perez walked into the room with the unopened package within five minutes after their arrival at the house. The evidence shows that it was at this juncture that appellant made the complained of statement.

The statement by appellant was not in response to questioning. See Brown v. Beto, 468 F.2d 1284 (5th Cir. 1972). In Brown v. Beto, supra, officers inquired, "What is this?" after the narcotics had been found and the defendant's response was held inadmissible.

In Noble v. State, Tex.Cr.App., 478 S. W.2d 83, cited by appellant conviction was reversed where oral statement was obtained from the accused during custodial interrogation after an incomplete warning was given.

Article 38.22(a), Sec. 1(f), V.A.C.C.P., provides: "Nothing contained herein shall preclude the admissibility of any statement . . . . that is the res gestae of the arrest or of the offense." The Supreme Court, in Miranda v. Arizona, supra, said that "volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today."

Under the "case by case approach" used by the Court in Brown v. Beto, supra, we note that the complained of statement was not the result of custodial interrogation. The statement was made upon confrontation of appellant with the heroin. The record supports the fact that the statement was made while appellant was in the grip of stress and nervous excitement which gives rise to spontaneous statements. See Hood v. State, Tex.Cr.App., 490 S.W.2d 549; Walker v. State, Tex.Cr.App., 470 S. W.2d 669. In Fisk v. State, Tex.Cr.App., 432 S.W.2d 912, this Court, in discussing the admissibility of res gestae statements made by an accused, noted that, while time was an important factor, the controlling factor was spontaneity or whether the statement made was instinctive. The state-

ment in the instant case was made under such circumstances as would reasonably show that it was instinctive and resulted from impulse.

We conclude that the utterance attributed to appellant was properly admitted as a res gestae declaration.

Further, the oral statement in question is incorporated in the written confession of appellant, the confession reciting, "and when I saw him with the package, I said that's mine, you've got me." We note that appellant makes no contention that there was a causal relationship between the oral utterance and the identical statement reduced to writing in his confession. See Westover v. United States, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; Gilpin v. United States, 415 F.2d 638 (5th Cir. 1969); Burns v. State, Tex.Cr.App., 486 S.W.2d · 310, n. 4. Under these circumstances, appellant could not be harmed by the introduction of an oral statement which was incorporated in a written confession given by him and properly admitted into evidence.

Appellant contends that the court erred in making a comment on the weight of the evidence before the jury in stating that counsel for appellant was "wasting time."

During cross-examination of Officer Castro by appellant, the court stated, "Just go ahead, counselor, you are wasting a lot of time here." Appellant made no objection and asked another question, and after the witness answered, the court said, "Go ahead with your questioning—you're wasting a lot of time with . . . ." At this point, counsel for appellant said "Beg your pardon?" and the court replied, "We are wasting a lot of time with this kind of examination." Counsel then said, "I take exception, your honor." The record reflects that at the conclusion of the examination of the witness, and out of the presence of the jury, counsel moved for a mistrial.

As in Cartwright v. State, Tex.Cr.App., 426 S.W.2d 858, the record reflects a form

of an objection, but no requests that the jury be instructed to disregard the statements of the court and a belated motion for mistrial.

■■ If the court feels that it is necessary to admonish counsel, such should ordinarily be done in the absence of the jury, Cartwright v. State, supra, but we conclude that under the facts here presented no error is shown.

■ Appellant's next contention is that the court erred in permitting the State to ask him to display his hands before the jury. Appellant testified on direct examination during the guilt stage of the trial that he was a mechanic and two of his former employers testified appellant worked for them as a mechanic and that he could not speak English.

Appellant contends it was error for the State to impeach his testimony on an immaterial issue. He cites as authority Holland v. State, 60 Tex.Cr.R. 117, 131 S.W. 563, in which a witness was allowed to testify to matters that proved the defendant had testified falsely about matters immaterial to the prosecution. We do not reach the question presented by this contention since the record fails to reflect the actual appearance of appellant's hands. Thus, it is impossible for us to tell whether appellant was in fact impeached. Nothing is presented for review.

Appellant contends the court erred in refusing to grant his requested charge concerning the admissibility of the oral statement made to officers. In view of our holding that the court properly admitted the oral confession of appellant as a res gestae statement coupled with the fact that such statement was incorporated in a written confession found to have been properly admitted into evidence, we deem it unnecessary to discuss this contention.

Appellant contends the court erred in allowing the prosecutor to make numerous references to sale of heroin when appellant was charged with possession of heroin.

■ The prosecutor's statements are not identified in appellant's brief so that the objection can be clearly identified and understood by the court. Article 40.09, Sec. 9, V.A.C.C.P., provides that the appellate brief shall set forth separately each ground of error of which the defendant desires to complain on appeal, and each ground shall refer to the ruling of the trial court or other proceeding in such a way as that point of objection can clearly be identified and understood by the court. Nothing is before us for review. Graham v. State, Tex.Cr.App., 486 S.W.2d 92; Fausett v. State, Tex.Cr.App., 468 S.W.2d 92; Flanagan v. State, Tex.Cr.App., 465 S.W.2d 755.

Lastly, appellant contends the evidence was insufficient to sustain the finding of guilty by the jury.

■ The contraband was found on the premises where appellant lived. In his confession, appellant admitted ownership of the heroin. We find the evidence sufficient to support the jury's verdict.

The judgment is affirmed.

Opinion approved by the Court.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

DALLY, Commissioner.

The appellant's motion for leave to file a motion for rehearing was granted. On motion for rehearing the appellant presents only one complaint. He strenuously urges that this Court was in error in its disposition of his contention concerning the State's asking the appellant to display his hands before the jury. He contends that this constituted impeachment on an immaterial matter requiring the reversal of the case. On original submission it was held that the record presented nothing for review because the record failed to show whether the appellant's hands had the appearance of one engaged in the occupation he claimed to pursue. Consequently it

could not be determined whether or not he had been impeached. Cf. Pittman v. State, 488 S.W.2d 89 (Tex.Cr.App.1973). We remain convinced that the disposition of the appellant's contention was proper and the same result may also be reached in another way.

The ground of error which we are considering is ground of error number four in appellant's brief and it reads:

"The Court erred in allowing the State's request that the hands of the defendant be inspected at close range by the jury."

Although the ground of error does not fully state the error relied upon we may look to the argument in its support for an understanding of the alleged error. See Art. 40.09, § 9, V.A.C.C.P.

Two of the witnesses called by the appellant and the appellant himself testified that the appellant was employed as an automobile mechanic. While the appellant was being cross-examined by the prosecutor the prosecutor stated:

"Q I would like to see your hands. Turn them over. The other one.

[PROSECUTOR]: At this time I would like to ask the defendant to stand down and exhibit his hands to the jury.

[DEFENSE COUNSEL]: I'm going to object to that, Your Honor. I don't know what materiality that's got."

At this point the trial court announced a recess and the jury was excused from the courtroom. During the absence of the jury it was ascertained that the State was asking the appellant to exhibit his hands to the jury for the purpose of impeachment of his statement that his occupation was as an auto mechanic. While the jury was retired appellant's counsel objected on the grounds that the authority presented to the Court was not in point, but a specific objection was not articulated. The jury was then returned to the courtroom and the prosecutor proceeded as follows:

"Q Let me see your hands, Mr. DeLeon. Would you step down here, please?

[DEFENSE COUNSEL]: Now, Your Honor, I'm going to object to him getting—they can view his hands up there on the stand but I dont believe that the defendant has to get off the witness chair to do this, Your Honor.

THE COURT: Overruled.

[DEFENSE COUNSEL]: Note our exception.

Q Please open your hands up like this. Come on down here. Now, would you turn them over? You can take the witness stand. You testified a little while ago that you were working as a mechanic, right now, did you not?

A Yes, sir.

[DEFENSE COUNSEL]: Your Honor, I believe that the testimony was that he was a mechanic's helper.

[PROSECUTOR]: The testimony was he was working as a mechanic right now.

THE COURT: Let the witness testify.

[PROSECUTOR]: I believe he said 'yes.'

Q What kind of mechanical work do you do?

A I put in plugs and brakes and test them.

Q Do you ever skin up—

A I take off starters.

Q Do you ever skin up your hands?

A On—most all the time I work in gloves.

Q Do you know any other mechanic with long fingernails?

A I do not know. I never notice hands."

The prosecutor then pursued a different line of interrogation. We again hold as on original submission that the error claimed was not properly preserved. In addition, we hold that the error, if any, was not preserved because at the time of trial no objection was made on the ground urged on appeal; namely, that the appellant was being impeached on a collateral matter. See Cotton v. State, 500 S.W.2d 482 (1973); Sierra v. State, 482 S.W.2d 259 (Tex.Cr.App.1972); Valdez v. State, 472 S.W.2d 754 (Tex.Cr.App.1971); Hinkle v. State, 442 S.W.2d 728 (Tex.Cr.App.1969).

 Further, if the record can be construed as showing the impeachment of the appellant, it was on a material matter. The appellant had introduced evidence to show that he was an auto mechanic, that he did not understand the English language and that in that occupation he could only deal with and serve Spanish speaking persons. This evidence was introduced in an attempt to show that his confession was not voluntarily made. It would appear legitimate for the State to ask the appellant to exhibit his hands before the jury in order that they might observe whether or not they appeared to be the hands of a mechanic. If his hands did not have the appearance of an auto mechanic's hands, it would tend to rebut the testimony which he offered. The trial court is granted considerable leeway in the admission of such testimony and in light of the facts in this record we are not prepared to say that this evidence was immaterial.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.