**Donald J. LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–81–033–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 23, 1981.

Robert G. Lowman, Jr., Epps & Lowman, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

## OPINION

MORSE, Justice.

This is an appeal from a conviction for possession of methaqualone in violation of the Texas Controlled Substances Act. In a trial before the court, appellant was found guilty and punishment was assessed at ten days in jail and a fine of Two Hundred and Fifty Dollars ($250.00).

Appellant was apprehended by Houston police while driving a van slowly and erratically over three lanes of traffic on a Houston freeway. The van was owned by appellant's friend who was riding in the passenger seat. Both occupants of the van were intoxicated and police arrested both, questioned them about their conduct and placed them in back of the patrol car. A wrecker was called and the arresting officer spent approximately ten or fifteen minutes making an inventory and written record of the personal property in the van prior to its being towed away. During the inventory, the officer found a cellophane packet containing ten methaqualone (marked "Mandrax") pills protruding approximately one-fourth to one-half inch from the air vent on the passenger's side of the van. After concluding the inventory, the officer returned

to the patrol car, informed both appellant and the passenger that they were under arrest for possession of a controlled substance and read them their constitutional rights. When the wrecker arrived after about ten or fifteen minutes, the arresting officer testified that he then proceeded to the van, waited for approximately two minutes while it was being picked up by the wrecker and returned to the front seat of the patrol car to complete his report. While the officer's paper work was being completed, which took about five minutes, appellant and his friend began talking in an attempt to converse with the officer. The officer did not respond to them most of the time, but testified that sometimes, "I'd just go 'yeah', or something like that." The officer testified that during the period of conversation, appellant was "kind of upset about me finding the pills in his truck." Over objection he was allowed to testify that appellant said, "It was a shame"— "that he had just bought the pills from a white male at the concert for $30.00."

Appellant comes before this court alleging two points of error. In his first point, he argues that the oral statement made by appellant regarding the purchase of the drugs is not admissible under Tex. Code Crim.Pro.Ann. Art. 38.22 (Vernon 1979). Under Art. 38.22 oral statements in the nature of confessions made while in custody are normally inadmissible as evidence against the defendant. *Jimmerson v. State*, 561 S.W.2d 5 (Tex.Cr.App.1978); *Easley v. State*, 493 S.W.2d 199 (Tex.Cr. App.1973). An exception to this general rule is provided for in Art. 38.22 § 5 which states: "Nothing in this Article precludes the admission of a statement . . . that is the res gestae of the arrest or of the offense. . . ." The statement made by appellant was made after he had been taken into custody and was clearly confessional in nature in that it provided the critical link between appellant and the contraband. The question then becomes whether the statement is the res gestae of the arrest.

In *Graham v. State*, 486 S.W.2d 92 (Tex. Cr.App.1972), the Court of Criminal Appeals stated three requirements that must be met before evidence can be admitted under the res gestae rule. These requirements are: (1) there must have been an exciting, emotionally stimulating or physically painful event, (2) the admission or assertion must have been made so soon after the occurrence that the declarant is still in the emotional grip of the shocking event, and (3) the assertion must relate back to the event. Testimony indicates that appellant's incriminating statement was made approximately twenty-five to thirty minutes after the van had been stopped and appellant was originally placed under arrest. However, the statement was made only a few minutes after appellant had been informed that the drugs had been found and that he was under arrest for possession of a controlled substance. Testimony of the arresting officer indicated that appellant was not in a fit of excitement but was "kind of upset" and that his attitude was more or less, "Boy, I really blew it this time." When asked whether appellant was calm at the time he made the statement, the arresting officer testified, "About as calm as you could be knowing that you just got arrested for possession, you're going downtown to jail, I don't think that's too calm."

Although appellant was not in a fit of excitement at the time which he made the statement, he was obviously in a highly emotional state. The statement was made shortly after appellant was arrested for drug possession and the declarant was still in the midst of the emotional turmoil brought on by that arrest. Admittedly, it is difficult to determine whether the statement was the product of a sudden impulse or of careful reasoning and reflection. Appellant's characterization of his being caught so soon after the purchase of the still unused methaqualone pills as a "shame" appears to have been a bemoaning instinctive lament as to his hard luck.

In determining whether certain statements are admissible as res gestae, each case must be considered on its own merits. *Patterson v. State*, 458 S.W.2d 658 (Tex.Cr.App.1970). The Texas Court of

Criminal Appeals has decided a multitude of cases as to whether a statement is the res gestae of an arrest. In *Fowler v. State*, 379 S.W.2d 345 (Tex.Cr.App.1964), appellant failed to stop and render aid at the scene of an auto accident. Upon investigation by police, an officer located appellant in his car some twenty-five minutes after the accident occurred. When the officer approached the car, appellant said, "We are trying to get the fender pulled out so we can go back to the scene of the wreck." The Court of Criminal Appeals held that the statement was properly admitted as res gestae. Likewise, in *DeLeon v. State*, 500 S.W.2d 862 (Tex.Cr.App.1973), officers found a package containing heroin while searching appellant's residence. When appellant saw the officer with the package he stated, "You got me; that's mine; let's go." In holding that appellant's statement was correctly admitted as res gestae, the Court noted that time was an important factor, but the controlling factor was whether the statement made was spontaneous or instinctive. *See also Hood v. State*, 490 S.W.2d 549 (Tex.Cr.App.1972). A careful review of past cases indicates that the Court of Criminal Appeals has given a broad interpretation as to what constitutes the res gestae of an arrest. The cases seem to find as admissible without reversible error all except direct responses to custodial questions where *Miranda* warning insufficiency was found. The record indicates that appellant's statement was not in reply to a question by the arresting officer and that appellant had been advised of his constitutional rights. Since the statement was made while appellant was still in the emotional grip of having been placed under arrest for possession of a controlled substance, we must conclude that the statement was the result of impulse rather than reason and reflection. Therefore, we conclude that the statement made by appellant was properly admitted as a res gestae declaration.

Appellant's first point of error is overruled.

In his second point of error, appellant contends that the circumstantial evidence admitted at trial is insufficient to support his conviction for the possession of a controlled substance. Appellant further argues that the statement as to his earlier purchase, even if admissible as res gestae, still leaves the evidence insufficient. Appellant contends that his being present in the vehicle where the drugs were concealed is not sufficient evidence to affirmatively link him to the contraband seized. The State admits that the evidence would be insufficient without the res gestae statement.

■ A conviction based upon circumstantial evidence must exclude every other reasonable hypothesis except that of the guilt of the accused. *Barron v. State*, 566 S.W.2d 929 (Tex.Cr.App.1978); *Robinson v. State*, 570 S.W.2d 906 (Tex.Cr.App.1978). However, it is not a requirement that every fact point directly and independently to the guilt of the accused. The cumulative force of all the incriminating circumstances may be sufficient to support a conclusion of guilt. *Robinson v. State, supra*. The sufficiency of the circumstantial evidence to support the conviction must be determined on a case by case basis after a careful review of the facts presented. *Dixon v. State*, 541 S.W.2d 437 (Tex.Cr.App.1976), *Robinson v. State, supra*.

■ In the case presently before us, appellant was driving the vehicle in which the drugs were concealed and appellant admitted that he had "just bought" the pills from a man at the concert for $30.00. This certainly is sufficient evidence to affirmatively link appellant with the pills which he is alleged to have possessed.

Appellant's second point of error is overruled and the judgment of the trial court is affirmed.