Sifuentes 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00360-CR







Hector Sifuentes, Sr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 94-198, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING






 

 Hector Sifuentes, Sr. appeals his conviction for possession of a controlled
substance, cocaine, with the intent to deliver. Tex. Health & Safety Code Ann. § 481.112 (West
Supp. 1996). (1) By three points of error, appellant contends that the trial court erred in: 1)
overruling his motion to suppress evidence because the informant's identity was not revealed to
the magistrate who issued the search warrant; 2) admitting several incriminating oral statements;
and 3) admitting evidence of an extraneous offense. Finding no error, we will affirm the
judgment of the trial court. 

 In September 1994, Kenneth Don Kaigler, an officer with the Capitol Area
Narcotics Task Force, set up what is known as a "controlled buy" of narcotics from appellant by
a confidential informant. (2) Kaigler made a probable cause determination based on this "controlled
buy," and on three years of independent investigations that indicated appellant's involvement in
narcotics trafficking. Moreover, Kaigler considered the informant to be trustworthy and credible
because he had provided correct and reliable information in the past that resulted in seizures of
narcotics. Kaigler listed all these factors in his probable cause affidavit, which the issuing
magistrate examined before issuing a warrant for appellant's arrest and for the search of his
residence. Kaigler did not name the informant in his affidavit.

 After obtaining the warrant, Kaigler and other police officers entered appellant's
residence, where they discovered cocaine and other incriminating items, such as weighing scales,
several cellular telephones, and a police scanner. After the officers placed appellant under arrest
and read Miranda warnings to him, Sifuentes voluntarily admitted that all the cocaine was his. 
A jury found appellant guilty of the possession of a controlled substance with the intent to deliver.

 Appellant contends in his first point of error that the trial court erred in overruling
his motion to suppress all evidence obtained under the authorization of the search warrant. 
Appellant claims the warrant is defective because the magistrate issued it based on information
supplied by an unidentified informant. Appellant recognizes the right of informants to remain
confidential but maintains that their identity should be revealed to the issuing magistrate in order
for the magistrate to independently judge their credibility and reliability rather than rubber-stamp
the representations of those seeking the warrant.

 In bringing this point of error, appellant asks us to reverse long-standing authority
upholding search warrants when the underlying information is supplied by an unnamed informant,
if the affiant can corroborate the informant's reliability based on personal knowledge that the
informant has given reliable narcotics information in the past or that the informant was present
in the place to be searched when narcotics were present or sold. Illinois v. Gates, 462 U.S. 213,
238 (1983); Lockett v. State 879 S.W.2d 184, 187-89 (Tex. App.--Houston [14th Dist.] 1994, pet.
ref'd); Meeks v. State, 851 S.W.2d 373, 376-77 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd). 
Notwithstanding this authority, and the lack of any case law supporting his position, appellant
contends that his constitutional right against unreasonable search and seizure is violated when a
magistrate must rely solely on personal knowledge of the affiant about the reliability of an
informant unknown to the magistrate. We decline appellant's invitation to rewrite the law
governing probable cause determinations and instead follow our duty as prescribed by the United
States Supreme Court to ensure that the magistrate had a substantial basis for concluding that
probable cause existed. Gates, 462 U.S. at 238. We conclude that the issuing magistrate here
fulfilled his duty as spelled out in Gates:



The task of the issuing magistrate is simply to make a practical, commonsense
decision whether, given all the circumstances set forth in the affidavit before him,
including the "veracity" and "basis of knowledge" of persons supplying hearsay
information, there is a fair probability that contraband or evidence of a crime will
be found in a particular place.



Id. (citations omitted).

 In the instant case, independent police investigations indicated appellant's
involvement in narcotics trafficking. Additionally, an informant who had given the police
accurate information leading to other narcotics seizures observed appellant in possession of
cocaine shortly before the arrest. Based on these circumstances, as set forth in the affidavit, the
magistrate reasonably determined the informant was credible and found probable cause to issue
the search warrant. We overrule the first point of error.

 In his second point of error, appellant complains that the trial court erred in
admitting certain incriminating statements he made to the police at the time of his arrest in his
home. In an apparent attempt to clear his wife of any blame, appellant volunteered to police:
"[t]hat's all my cocaine"; "Everything you found is my dope"; "I did it"; "It's my stuff." 
Although unrecorded oral confessions are generally not admissible, a volunteered statement made
after arrest and after receiving Miranda warnings that is not given in response to police
interrogation may be admissible when relevant. Tex. Code Crim. Proc. Ann. art. 38.22, §§ 3,
5 (West 1979 & Supp. 1996); Lewis v. State, 630 S.W.2d 285, 287-88 (Tex. Crim. App. 1981);
Cannon v. State, 807 S.W.2d 632, 634 (Tex. App.--Houston [14th Dist.] 1991, no pet.).

 Appellant asserts that his incriminating statements are not relevant and that their
prejudicial impact outweighs their probative value. Appellant failed to assert this argument to the
trial court. In the motion to suppress and the objection at trial, appellant challenged the
voluntariness of his statements and claimed he did not understand his Miranda warnings. Because
appellant did not object to the relevance or the prejudicial value of the statements at the trial court,
he has waived this complaint. Sterling v. State, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990),
cert. denied, 501 U.S. 1213 (1991) (objection at trial which differs from the complaint on appeal
preserves nothing for review). 

 Were we to reach this point of error we would overrule appellant's complaint that
the statements were not relevant. The State was required to prove intent and possession by
affirmatively linking appellant to the drugs and items associated with drug trafficking found in the
residence he shared with his wife and son. The probative value of the statements in this context
outweighed their obvious prejudice to appellant. We accordingly overrule appellant's second
point of error.

 In his third point of error, appellant claims that the trial court erred in allowing
evidence of an extraneous offense. The extraneous offense offered by the State was the
informant's "controlled buy" of cocaine from appellant by the informant, the incident sponsored
by the narcotics officers prior to obtaining the search warrant. 

 The record indicates that appellant objected once during the redirect testimony of
Officer Kaigler, immediately after the State inquired about the "controlled buy," but before
Kaigler responded with any substantive testimony. Shortly after the judge overruled this
objection, however, appellant stated that he had no objection to the admission of Kaigler's
probable cause affidavit, which described the "controlled buy" at length. The State utilized the
affidavit in trial court to counter appellant's suggestion that the magistrate did not have adequate
reason to issue the search and arrest warrant. Again, Kaigler's testimony described the
"controlled buy" in substantial detail without any objection from appellant. 

 By failing to object to the admission of the affidavit and the substantive testimony
concerning the extraneous offense, appellant waived any complaint about the admission of the
extraneous offense into evidence. See Ethington v. State, 819 S.W.2d 854, 858-859 (Tex. Crim.
App. 1991); Hudson v. State, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984); see also Brown v.
State, 692 S.W.2d 146, 151 (Tex. App.--Houston [ 1st Dist.] 1985), aff'd on other grounds, 757
S.W.2d 739 (Tex. Crim. App. 1988). The court in Ethington, which dealt with a similar issue,
discussed the applicable rules that govern preservation of error concerning the admission of
evidence in criminal cases. See Tex. R. Crim. Evid. 103; Tex. R. App. P. 52. The court stated
that "with two exceptions, the law in Texas requires a party to continue to object each time
inadmissible evidence is offered." Ethington, 819 S.W.2d at 858. The first of these exceptions
is the "running" objection, which allows an attorney, with the express permission of the judge,
to object to an entire line of testimony from a witness. Id. The second exception allows an
attorney to pursue an admissibility hearing that enables the trial court to hear objections to offered
evidence out of the jury's presence; although the judge may allow the evidence to be offered,
error is preserved. Id. at 859. Appellant neither made a "running" objection nor pursued an
admissibility hearing on the matter.

 The Brown court further clarified the necessity of objecting each time allegedly
inadmissible evidence is offered:



We are further of the view that any error in the admission of such testimony was
waived and/or cured by defense counsel's failure to object to similar testimony
later elicited. Although defense counsel did timely object to certain portions of the
testimony regarding complainant's emotional injuries when it was first elicited, he
did not obtain a running objection to such testimony, and complainant later
testified, without objection: that she had attempted suicide twice . . . and that she
had had continuing counseling since the rape. It is defense counsel's responsibility
to object every time allegedly inadmissible evidence is offered, and when counsel
objects to certain inadmissible testimony, but then permits similar evidence to
come in without objection, the complaint is deemed cured.



Brown, 692 S.W.2d at 151. Accordingly, appellant has waived any complaint about the admission
of the extraneous offense evidence. We overrule appellant's third point of error.

 Finding no error, we affirm the judgment of the trial court.



 Bea Ann Smith, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: April 24, 1996

Do Not Publish
1. [1]  The instant case is governed by section 481.112 of the 1994 Texas Health and Safety Code. 
Because the section has not substantively changed, however, we have cited to the 1996 Code for
convenience.
2. [2]  In the "controlled buy," Kaigler conducted a strip search of the informant, drove him to
appellant's residence, and gave him money to purchase narcotics. While Kaigler maintained
surveillance of the residence, the informant entered and purchased narcotics from appellant, which
the informant in turn gave to Kaigler. Afterwards Kaigler conducted a second strip search of the
informant to ensure that he was not concealing additional evidence, contraband, or money.



traneous offense offered by the State was the
informant's "controlled buy" of cocaine from appellant by the informant, the incident sponsored
by the narcotics officers prior to obtaining the search warrant. 

 The record indicates that appellant objected once during the redirect testimony of
Officer Kaigler, immediately after the State inquired about the "controlled buy," but before
Kaigler responded with any substantive testimony. Shortly after the judge overruled this
objection, however, appellant stated that he had no objection to the admission of Kaigler's
probable cause affidavit, which described the "controlled buy" at length. The State utilized the
affidavit in trial court to counter appellant's suggestion that the magistrate did not have adequate
reason to issue the search and arrest warrant. Again, Kaigler's testimony described the
"controlled buy" in substantial detail without