**Jessie Lee NOBLE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44742.**

Court of Criminal Appeals of Texas.

March 29, 1972.

Don R. Stodghill, Rockwall, for appellant.

W. I. (Bill) Lofland, County Atty., Rockwall, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault with a deadly weapon. The State did not seek the death penalty. The punishment was assessed at 30 years.

We are confronted at the outset with the most serious question in the case. In two grounds of error appellant contends the court erred in permitting the introduction of certain items into evidence before the jury which were recovered as a result of custodial interrogation at a time when the appellant had not been properly warned in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. We agree and reverse.

The record reflects that on July 29, 1970, the appellant was arrested shortly after the alleged offense. On the same date, he was taken before a Justice of the Peace and

given certain warnings and placed in jail. Thereafter, on July 31, 1970, during custodial interrogation appellant led officers to the area where he had disposed of the knife and mask or hood he had supposedly used during the alleged robbery and where he had left a receipt and a torn check taken in the course of the alleged offense. Apparently the only warnings he received were from the magistrate.

The Justice of the Peace testified on direct examination:

"I advised Mr. Noble that he had the right to counsel or talk to an attorney if he would like and that he would have the right to examining trial in this case, that any statements he might make to anyone could be used against him in the event of trial and in the event of trial, if he was unable to obtain or afford a lawyer, one would be appointed for him."

The record then immediately reflects the following:

"Q Did you advise him any further rights?

"A No, sir, I did not."

On cross examination, the following is found:

"Q You have told the County Attorney all of the rights you told him, the ones you advised him?
"A Right."

█ It is clear then that the appellant was not informed of his right to remain silent nor that he did not have to make any statement at all. He was told only that any statement he "might" make "could be" used against him, although he was not advised of his fundamental right to remain silent. The warning given was thus incomplete under both the *Miranda* decision and Article 15.17, Vernon's Ann.C.C.P.

█ It is true that Article 38.22, Vernon's Ann.C.C.P., does not require a warn-

ing prior to the giving of an oral confession leading to the fruits of the crime which is the only type of oral confession admissible under such statute, but the lack of such requirement does not affect the applicability of *Miranda* to oral confessions resulting from custodial interrogation. See Lee v. State, 428 S.W.2d 328 (Tex.Cr.App. 1968); Robinson v. State, 441 S.W.2d 855, 857 (Tex.Cr.App.1969).

█ The State vigorously contends that the court refused to permit introduction of appellant's oral statements but allowed only testimony that the appellant led the officers to the area where the hood, knife, and other items were recovered at his direction.

It is undisputed, however, that the discovery of these items resulted from the custodial interrogation at a time when the appellant had not been properly warned. These were then the fruits of the poisonous tree. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441. And, there was no showing that these items would have been obtained regardless by means sufficiently distinguishable from the underlying illegality to be purged of the primary taint. See Santiago v. State, 444 S.W.2d 758, 761 (Tex.Cr.App.1969).

For the error noted, reversal is called for, and it is not necessary to discuss appellant's contention that the record does not reflect that appellant affirmatively waived his right to counsel, etc.

We do observe in passing that although the court conducted a separate hearing (Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908) in the absence of the jury on the admissibility of the oral confession, we do not find any findings of fact or conclusion of law made and filed as required by Article 38.22, Vernon's Ann.C.C.P. And, it may further be questioned whether, aside from the statutory requirement, the trial court's conclusion as to voluntariness appears from the record with unmistakable clarity as constitution-

ally required. Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593; Figueroa v. State, 473 S.W.2d 202 (Tex.Cr. App.1971).

For the reasons stated, the judgment is reversed and the cause remanded.