Lonnie Leon PITTS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 60472.

Court of Criminal Appeals of Texas, Panel No. 1.

April 15, 1981.

Danny Duane Pitzer, Duncanville, for appellant.

Henry Wade, Dist. Atty. & J. T. Langford, Les Eubanks & Mike Gillett, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for burglary. Punishment, enhanced by allegation and proof of two prior convictions, was assessed at life.

Appellant contends it was error to admit his confessions into evidence. Disposition of this ground of error rests on a somewhat complex sequence of events. On February 3, 1978, appellant was interrogated by police officer Storey. At that time Storey promised appellant that if he would help Storey clear up any wrecking yard burglaries that he was involved in, and help recover all the property possible, then Storey would not file on him as an habitual criminal, and that he would not file on appellant for any of those wrecking yard burglaries. On February 4 Storey made the same promises to appellant, and on that day appellant told him about a wrecking yard burglary and where the property could be recovered. On the 5th of February, pursuant to appellant's information, property was recovered from Carl Jackson. Subsequently Storey discovered that appellant could not have

committed the burglary to which he had confessed on the 4th because appellant was in prison when it was committed.

On February 9 Storey told appellant that the earlier promises were withdrawn because appellant had lied in the earlier confessions. Appellant was then confronted with the property that had been recovered from Jackson. This was the property that appellant had told Storey (in the February 4 statement) that he had obtained in a burglary and delivered to Jackson, and that Jackson had confirmed was received by him from appellant. In response to confrontation with the stolen property, appellant confessed that he took it in the burglary in this case. Two written confessions were obtained during this interrogation, to two burglaries of the same premises on two consecutive nights. This was the first knowledge the police had of the burglary because the complaining witness had never reported it.

Appellant argues that the confessions given on the 9th were the product of the illegally obtained confession of the 4th and of the property recovered as a result of that illegal confession.[1] The above summary of the facts is drawn from the testimony of officer Storey given at the hearing on appellant's motion to suppress and is undisputed.

■ It is an established rule of law that a confession upon an inducement by a promise made or sanctioned by a person in authority is inadmissible. *McMahon v. State*, Tex.Cr.App., 582 S.W.2d 786, 790; *Washington v. State*, Tex.Cr.App., 582 S.W.2d 122; *Wechsler v. State*, 172 Tex.Cr.R. 559, 361 S.W.2d 379, 383; *Fisher v. State*, Tex. Cr.App., 379 S.W.2d 900, 902. The uncontradicted evidence in this case reveals that the confession of February 4 was illegally obtained by means of such an inducement, and would have been inadmissible had it been offered.

■ It is also established law that items discovered and seized as the product

of an illegally obtained confession are also inadmissible as the illegal "fruits of the poisonous tree" unless the items "would have been obtained regardless by means sufficiently distinguishable from the underlying illegality to be purged of the primary taint." *Noble v. State*, Tex.Cr.App., 478 S.W.2d 83. The stolen property recovered from Jackson was discovered as a direct result of the illegal confession of February 4, and no showing was made that it otherwise would have been discovered. The property was thus likewise the product of the initial illegality, and inadmissible.

■ The third link in the chain of events and of our analysis is the use of the tainted property to secure appellant's confessions on February 9. At that time appellant was confronted with the property he had stolen, confronted with the fact that he had lied in his confession on February 4, and was asked where the property had come from. He then confessed to the offense prosecuted in the instant case. The exclusionary rule extends to statements that are the fruits of an illegal search as well as to the items seized. *Smith v. State*, Tex.Cr.App., 542 S.W.2d 420, 422. Here the property was the unlawful fruit of an earlier illegality, and that taint passed to the confessions admitted at trial, because those confessions were a product of the State's use of the tainted property.

The taint of illegality in this case passed to yet a fourth link in the chain. The burglary had never been reported to the police, and was first discovered by use of the tainted property of the second link and tainted confessions of the third link. As with the second and third links, so also with the fourth, there is no showing that the evidence would have been obtained, that the offense would have come to light, or that the testimony of the complaining witness have been secured, in the normal course of investigation, so as to purge the evidence of the primary taint. *Nicholas v. State*, Tex.Cr.App., 502 S.W.2d 169, 172–173.

1. Although appellant also asserts another theory in his attack on the confessions, we view the issue addressed here as the most serious. The

State, in its brief, has made no reply to the theory of inadmissibility that we address today.

The confessions of February 9, being tainted by the initial illegality of the February 4th confession, should not have been admitted in evidence.

The judgment is reversed and the cause remanded.