# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00285-CR

**Caleb Shea Deike, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR2001-099, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Caleb Shea Deike pleaded no contest to possessing less than one gram of cocaine. Tex. Health & Safety Code Ann. ' 481.115(a), (b) (West Supp. 2003). As called for in a plea bargain agreement, the court placed him on deferred adjudication supervision for two years. In his only point of error, he contends the court erred by overruling his pretrial motion to suppress the cocaine. We overrule this contention and affirm the court=s deferred adjudication order.

The State=s only witness at the suppression hearing was Smithson Valley High School assistant principal Jim Rodrigue. He testified that a student told him that she had seen what she believed was a drug transaction take place in a study hall. Specifically, she had seen Michael Carriero take a small bag of white substance from a mint case and hand it to appellant, who in turn gave Carriero a twenty-dollar bill.

Acting on this information, Rodrigue removed Carriero from class and took him to his office. Carriero and his locker were searched. Although Carriero was found to have a mint case, no contraband was discovered in the searches.

Rodrigue then brought appellant to his office for a private interview. Rodrigue informed appellant of what he had been told and asked him if he had anything illegal on his person. Appellant said he did not. Rodrigue then asked appellant to empty his pockets and told him, AI=m not going to be very happy if we have to go through this and I find a little white bag in─in either your belongings or on you.@ Appellant stood and took a small bag of what proved to be cocaine from his pants pocket. Appellant told Rodrigue that he got the cocaine from Carriero.

Rodrigue testified that he did not raise his voice to appellant, and he denied telling appellant that Aif he would give a statement, that [Rodrigue] could turn this around to Michael.@ Appellant later gave a written statement to a deputy sheriff in which he said that Aa guy named Mike@ sold him a bag of cocaine for twenty dollars during study hall.

Appellant also testified at the hearing. While he confirmed the broad outline of Rodrigue=s testimony, he said that the assistant principal had intimidated him. He testified that after he initially denied having any contraband, Rodrigue Agot upset,@ leaned over his desk, and said in a loud voice, ADon=t be wasting my time like this. I=m going to be real angry if you don=t─if you don=t have─if you [have] something on you that you shouldn=t and you keep telling me that you don=t.@ Appellant said that he was scared and confused. He said that he gave the bag of cocaine to Rodrigue after being told that his Aback is against the wall@ and that he Ashould just come clean.@ Appellant also testified that Rodrigue told him, AWe can turn

2

this over on to him if we can get a statement from you [implicating Carriero].@ Appellant said that he understood this to mean that AI would be let go for helping him.@

Because the deputy did not appear for the hearing, the district court deemed appellant=s assertion that he was not advised of his rights before giving his written statement to be uncontroverted and ordered it suppressed.[1] The court took under advisement the admissibility of the cocaine itself and of appellant=s oral statement to Rodrigue. In a later letter to counsel, the court announced that it was suppressing the oral statement, but gave no explanation for this ruling. The court overruled the motion to suppress the cocaine. Citing *New Jersey v. T.L.O.*, 469 U.S. 325 (1985), the court found that A[w]hile [appellant] produced the contraband before he was searched, I agree with the State that the school official was justified in conducting his search reasonably related in scope to the circumstances.@ The court further found that A[appellant=s] pockets would certainly be one of the most likely places to find the contraband under the circumstances as they were.@ The court also quoted *Pitts v. State*, in which the court of criminal appeals held that items discovered as the result of an unlawfully obtained confession are themselves inadmissible unless the items Awould have been obtained regardless by means sufficiently distinguishable from the underlying illegality to be purged of the primary taint.@ 614 S.W.2d 142, 143 (Tex. Crim. App. 1981) (quoting *Noble v. State*, 478 S.W.2d 83, 84 (Tex. Crim. App. 1972)). It was undisputed that appellant turned over the cocaine to Rodrigue before making either his oral statement to the assistant principal or his written statement to the deputy. Under the circumstances, the cocaine could not have been the tainted fruit of the suppressed statements.

---

[1] The requisite warnings appear on the face of the written statement.

Appellant urges that the cocaine should have been suppressed because Rodrigue=s conduct was Agrossly unreasonable and unlawful under the circumstances.@ He further argues that the district court erred by admitting the cocaine on the theory that, despite Rodrigue=s improper actions, the cocaine would inevitably have been discovered.

We review a trial court=s ruling on a motion to suppress evidence for an abuse of discretion. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). In this review, we defer to the court=s factual determinations but review *de novo* its application of the law to the facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Because the district court did not make explicit findings of fact, we review the evidence in the light most favorable to the court=s ruling and assume the court made findings that are supported by the record and buttress its conclusion. *Roquemore v. State*, 60 S.W.3d 862, 866 (Tex. Crim. App. 2001); *Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).

In *T.L.O.*, the Supreme Court held that the Fourth Amendment applies to the search of a school student by a teacher or administrator. 469 U.S. at 336-37. The court held that to be reasonable, such a search must be (1) justified at its inception, that is, there must be Areasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school@; and (2) permissible in its scope, that is, the measures adopted must be Areasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction.@ *Id*. at 341-42.

Appellant concedes that Rodrigue had reasonable grounds for searching him. He complains, however, that instead of searching him, Rodrigue Ayell[ed] and threaten[ed], raising up from his

**4**

desk and leaning toward Appellant, and ultimately intimidat[ed] and coerc[ed] Appellant to empty his pockets and make oral statements.@  He urges that Rodrigue=s actions in this cause Awere grossly unreasonable and unlawful under the circumstances, and the result was the involuntary production by Appellant of the contraband.@

Appellant=s assertion that the assistant principal coerced him into producing the cocaine is based on his own testimony at the suppression hearing and disregards Rodrigue=s testimony that he did not raise his voice, lose his temper, make threats, or put pressure on appellant.  When viewed in the light most favorable to the court=s ruling, the testimony supports the conclusion that appellant voluntarily disclosed his possession of the cocaine.  Even if Rodrigue=s conduct is reviewed as a search under the *T.L.O.* standard, it was reasonably related in scope to the objectives of the search and not excessively intrusive under the circumstances.

Appellant argues that the district court=s decision to admit the cocaine in evidence cannot be legally reconciled with its decision to suppress his two statements.  He urges that this result can only be explained by the court=s improper invocation of the inevitable discovery doctrine.

AInevitable discovery@ is an exception to the federal exclusionary rule.  *See Nix v. Williams*, 467 U.S. 431, 444 (1984) (evidence obtained as result of constitutional violation is nevertheless admissible if it would inevitably have been discovered by lawful means).  Code of criminal procedure article 38.23, the Texas exclusionary rule, does not contain an inevitable discovery exception.  *State v. Daugherty*, 931 S.W.2d 268, 273 (Tex. Crim. App. 1996); Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 2003).

Because appellant relied on article 38.23, the inevitable discovery doctrine could not be applied in this cause.

It is true that the district court referred to the inevitable discovery doctrine at the suppression hearing, and that certain statements in the court=s letter to counsel announcing its rulings also seem to refer to this doctrine. But the court=s decision to admit the cocaine while suppressing the two statements can be upheld without reference to inevitable discovery. As previously noted, the court found that appellant was not advised of his rights before giving the written custodial statement to the deputy. Although no reason was given for suppressing the oral statement to Rodrigue, the court may have believed appellant=s testimony that the statement was induced by an explicit or implicit promise of favorable treatment. *See Pitts*, 614 S.W.2d at 143. Because the evidence, viewed in the light most favorable to the district court=s ruling, does not demonstrate that any illegality attended the discovery of the cocaine, we must disregard any reliance the court may have placed on the inevitable discovery doctrine. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990) (trial court=s ruling will be sustained if correct on any legal theory applicable to the facts).

Appellant=s point of error is overruled, and the order placing appellant on deferred adjudication community supervision is affirmed.

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: March 6, 2003

Do Not Publish