TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00285-CR






Caleb Shea Deike, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR2001-099, HONORABLE JACK H. ROBISON, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Appellant Caleb Shea Deike pleaded no contest to possessing less than one gram of
cocaine. Tex. Health & Safety Code Ann. § 481.115(a), (b) (West Supp. 2003). As called for in a
plea bargain agreement, the court placed him on deferred adjudication supervision for two years. 
In his only point of error, he contends the court erred by overruling his pretrial motion to suppress
the cocaine. We overrule this contention and affirm the court's deferred adjudication order.

The State's only witness at the suppression hearing was Smithson Valley High School
assistant principal Jim Rodrigue. He testified that a student told him that she had seen what she
believed was a drug transaction take place in a study hall. Specifically, she had seen Michael
Carriero take a small bag of white substance from a mint case and hand it to appellant, who in turn
gave Carriero a twenty-dollar bill. 

Acting on this information, Rodrigue removed Carriero from class and took him to
his office. Carriero and his locker were searched. Although Carriero was found to have a mint case,
no contraband was discovered in the searches.

Rodrigue then brought appellant to his office for a private interview. Rodrigue
informed appellant of what he had been told and asked him if he had anything illegal on his person. 
Appellant said he did not. Rodrigue then asked appellant to empty his pockets and told him, "I'm
not going to be very happy if we have to go through this and I find a little white bag in--in either
your belongings or on you." Appellant stood and took a small bag of what proved to be cocaine from
his pants pocket. Appellant told Rodrigue that he got the cocaine from Carriero. 

Rodrigue testified that he did not raise his voice to appellant, and he denied telling
appellant that "if he would give a statement, that [Rodrigue] could turn this around to Michael." 
Appellant later gave a written statement to a deputy sheriff in which he said that "a guy named Mike"
sold him a bag of cocaine for twenty dollars during study hall.

Appellant also testified at the hearing. While he confirmed the broad outline of
Rodrigue's testimony, he said that the assistant principal had intimidated him. He testified that after
he initially denied having any contraband, Rodrigue "got upset," leaned over his desk, and said in
a loud voice, "Don't be wasting my time like this. I'm going to be real angry if you don't--if you
don't have--if you [have] something on you that you shouldn't and you keep telling me that you
don't." Appellant said that he was scared and confused. He said that he gave the bag of cocaine to
Rodrigue after being told that his "back is against the wall" and that he "should just come clean." 
Appellant also testified that Rodrigue told him, "We can turn this over on to him if we can get a
statement from you [implicating Carriero]." Appellant said that he understood this to mean that "I
would be let go for helping him." 

Because the deputy did not appear for the hearing, the district court deemed
appellant's assertion that he was not advised of his rights before giving his written statement to be
uncontroverted and ordered it suppressed. (1) The court took under advisement the admissibility of the
cocaine itself and of appellant's oral statement to Rodrigue. In a later letter to counsel, the court
announced that it was suppressing the oral statement, but gave no explanation for this ruling. The
court overruled the motion to suppress the cocaine. Citing New Jersey v. T.L.O., 469 U.S. 325
(1985), the court found that "[w]hile [appellant] produced the contraband before he was searched,
I agree with the State that the school official was justified in conducting his search reasonably related
in scope to the circumstances." The court further found that "[appellant's] pockets would certainly
be one of the most likely places to find the contraband under the circumstances as they were." The
court also quoted Pitts v. State, in which the court of criminal appeals held that items discovered as
the result of an unlawfully obtained confession are themselves inadmissible unless the items "would
have been obtained regardless by means sufficiently distinguishable from the underlying illegality
to be purged of the primary taint." 614 S.W.2d 142, 143 (Tex. Crim. App. 1981) (quoting Noble v.
State, 478 S.W.2d 83, 84 (Tex. Crim. App. 1972)). It was undisputed that appellant turned over the
cocaine to Rodrigue before making either his oral statement to the assistant principal or his written
statement to the deputy. Under the circumstances, the cocaine could not have been the tainted fruit
of the suppressed statements. 

Appellant urges that the cocaine should have been suppressed because Rodrigue's
conduct was "grossly unreasonable and unlawful under the circumstances." He further argues that
the district court erred by admitting the cocaine on the theory that, despite Rodrigue's improper
actions, the cocaine would inevitably have been discovered. 

We review a trial court's ruling on a motion to suppress evidence for an abuse of
discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). In this review, we
defer to the court's factual determinations but review de novo its application of the law to the facts. 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Because the district court did not
make explicit findings of fact, we review the evidence in the light most favorable to the court's
ruling and assume the court made findings that are supported by the record and buttress its
conclusion. Roquemore v. State, 60 S.W.3d 862, 866 (Tex. Crim. App. 2001); Carmouche v. State,
10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).

In T.L.O., the Supreme Court held that the Fourth Amendment applies to the search
of a school student by a teacher or administrator. 469 U.S. at 336-37. The court held that to be
reasonable, such a search must be (1) justified at its inception, that is, there must be "reasonable
grounds for suspecting that the search will turn up evidence that the student has violated or is
violating either the law or the rules of the school"; and (2) permissible in its scope, that is, the
measures adopted must be "reasonably related to the objectives of the search and not excessively
intrusive in light of the age and sex of the student and the nature of the infraction." Id. at 341-42.

Appellant concedes that Rodrigue had reasonable grounds for searching him. He
complains, however, that instead of searching him, Rodrigue "yell[ed] and threaten[ed], raising up
from his desk and leaning toward Appellant, and ultimately intimidat[ed] and coerc[ed] Appellant
to empty his pockets and make oral statements." He urges that Rodrigue's actions in this cause
"were grossly unreasonable and unlawful under the circumstances, and the result was the involuntary
production by Appellant of the contraband."

Appellant's assertion that the assistant principal coerced him into producing the
cocaine is based on his own testimony at the suppression hearing and disregards Rodrigue's
testimony that he did not raise his voice, lose his temper, make threats, or put pressure on appellant. 
When viewed in the light most favorable to the court's ruling, the testimony supports the conclusion
that appellant voluntarily disclosed his possession of the cocaine. Even if Rodrigue's conduct is
reviewed as a search under the T.L.O. standard, it was reasonably related in scope to the objectives
of the search and not excessively intrusive under the circumstances.

Appellant argues that the district court's decision to admit the cocaine in evidence
cannot be legally reconciled with its decision to suppress his two statements. He urges that this
result can only be explained by the court's improper invocation of the inevitable discovery doctrine.

"Inevitable discovery" is an exception to the federal exclusionary rule. See Nix v.
Williams, 467 U.S. 431, 444 (1984) (evidence obtained as result of constitutional violation is
nevertheless admissible if it would inevitably have been discovered by lawful means). Code of
criminal procedure article 38.23, the Texas exclusionary rule, does not contain an inevitable
discovery exception. State v. Daugherty, 931 S.W.2d 268, 273 (Tex. Crim. App. 1996); Tex. Code
Crim. Proc. Ann. art. 38.23(a) (West Supp. 2003). Because appellant relied on article 38.23, the
inevitable discovery doctrine could not be applied in this cause. 

It is true that the district court referred to the inevitable discovery doctrine at the
suppression hearing, and that certain statements in the court's letter to counsel announcing its rulings
also seem to refer to this doctrine.  But the court's decision to admit the cocaine while suppressing
the two statements can be upheld without reference to inevitable discovery. As previously noted,
the court found that appellant was not advised of his rights before giving the written custodial
statement to the deputy. Although no reason was given for suppressing the oral statement to
Rodrigue, the court may have believed appellant's testimony that the statement was induced by an
explicit or implicit promise of favorable treatment. See Pitts, 614 S.W.2d at 143. Because the
evidence, viewed in the light most favorable to the district court's ruling, does not demonstrate that
any illegality attended the discovery of the cocaine, we must disregard any reliance the court may
have placed on the inevitable discovery doctrine. See Romero v. State, 800 S.W.2d 539, 543 (Tex.
Crim. App. 1990) (trial court's ruling will be sustained if correct on any legal theory applicable to
the facts).

Appellant's point of error is overruled, and the order placing appellant on deferred
adjudication community supervision is affirmed.



 

 Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: March 6, 2003

Do Not Publish
1. The requisite warnings appear on the face of the written statement.